UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 14-09154-AB (AJWx) | Date: | March 3, 2015 |
|---|---|---|---|

Title: *Katherine Sasso v. Noble Utah Long Beach, LLC et al.*

---

Present: The Honorable ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order DENYING Plaintiff's Motion for Remand (Dkt. No. 15)

Pending before the Court is Plaintiff Katherine Sasso's Motion to Remand, filed on December 22, 2014. (Dkt. No. 15.) Defendants filed an opposition brief (Dkt. No. 16), and Plaintiff filed a reply brief. (Dkt. No. 18.) On February 5, 2015, the Court deemed this matter appropriate for decision without oral argument, and the pending motion was taken under submission. (Dkt. No 19.)

Having considered the materials submitted by the parties, and for the reasons indicated below, the Court **DENIES** Plaintiff's Motion to Remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute regarding Plaintiff Katherine Sasso's employment with and termination by Defendants Noble/Utah Long Beach, LLC and Interstate Hotels & Resorts, Inc. ("Defendants").

### A. Plaintiff's Allegations

Plaintiff is a California resident, and Defendants are both Delaware Limited Liability Companies. (Dkt. No. 1, Ex. A., Compl. ¶¶ 5-7.) Defendants own and operate the Westin Hotel in Downtown Long Beach, California, where Plaintiff was employed as a Sales Manager from February 10, 2014 to March 17, 2014. (Id. ¶ 14.) During her employment, Plaintiff "performed her job in an exemplary manner." (Id. ¶ 20.) Plaintiff had "nearly 100 clients and potential clients lined up." (Id.) Plaintiff had "set up meetings with large companies that she had worked with in the past and had developed relationships with," and was regularly told by her supervisor, Janice Fronjian, that she was "impressed with Plaintiff's knowledge and selling ability." (Id.)

Plaintiff suffers from asthma, a disability covered and protected by California's Fair Employment and Housing Act ("FEHA"). (Id. ¶ 16.) On Thursday, March 13, 2014, Plaintiff called and left a message for Fronjian, explaining that Plaintiff was suffering from an asthma attack and would not be coming in to work that day. (Id. ¶ 17.) Later that day, Fronjian emailed Plaintiff, acknowledging that she had received the call. (Id.) On Friday, March 14, 2014, Plaintiff was still suffering from an asthma attack and again called Fronjian to notify her that she would return to work on Monday. (Id. ¶ 18.)

On Monday, March 17, 2014, Plaintiff arrived at work with a doctor's note and shortly afterwards received a call from the Human Resources Director, Lulu Medina, telling her that she needed to come to a meeting with her (Medina) and Fronjian. (Id. ¶ 19.) When Plaintiff arrived at the meeting, Fronjian informed her that because of Plaintiff's asthma, the company did not think that she could fully commit herself to her job and thus was being terminated. (Id.) Plaintiff was told to pack her personal belongings and then escorted off the premises. (Id.)

Based on these allegations, Plaintiff alleges several claims for disability discrimination, failure to accommodate, and retaliation under FEHA, as well as a claim for wrongful termination in violation of public policy. Plaintiff seeks damages for lost wages and benefits, emotional distress, punitive damages, attorneys' fees, and costs.

    **B.**    **Removal to Federal Court**

On October 15, 2014, Plaintiff filed her Complaint in the Superior Court of California. (Dkt. No. 1, ¶ 3.) On October 29, 2014, Plaintiff served Defendants with a Summons and copy of the Complaint. (Id. ¶ 4.) On November 26, 2014, Defendants timely filed their Notice of Removal to this Court based on the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1441(b), alleging that this action is between citizens of different states and involves an amount in controversy exceeding $75,000, exclusive of interest and costs. (Id. ¶ 1.) To support their amount in controversy argument, Defendants rely on Plaintiff's $60,000 annual salary and jury verdicts from other employment cases to estimate Plaintiff's potential damages. (Id. ¶ 25-29.)

On December 12, 2014 the parties met and conferred regarding Plaintiff's intention to file a motion to remand the case back to state court. The parties were unable to resolve the dispute, and the instant motion followed.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1332(a), in turn, provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a).

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation," *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed.Appx 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S.Ct. 547, 554 (2014); Fed. R. Civ. P. 8(a). Where the plaintiff contests the defendants' allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Owens*, 135 S.Ct. at 550.

## III.   DISCUSSION

The parties do not dispute that they are citizens of different states, as required by section 1332(a). Therefore, the only issue the Court must decide is whether Defendants have demonstrated that the amount in controversy exceeds $75,000. Plaintiff's complaint seeks damages for "lost wages and benefits," emotional distress, reasonable attorneys' fees, costs, prejudgment interest, and punitive damages, but does not specify any amounts being sought. (Dkt. No. 1, Ex. A.) In accordance with *Owens*, Defendants satisfied their burden of plausibly alleging an amount in controversy exceeding $75,000 in their Notice of Removal. By filing the instant motion to remand, Plaintiff contests these allegations. Accordingly, the Court must weigh the evidence and determine whether Defendants have met their burden, by a preponderance of the evidence, that the jurisdictional amount in controversy is satisfied.

### A. Stipulation to Cap Damages

As an initial matter, during the parties' meet and confer attempts prior to the filing of Plaintiff's motion to remand, Defendants' counsel proposed that they would stipulate to the remand if Plaintiff would stipulate to capping her damages through the time of trial, including attorneys' fees, at less than $75,000. (Dkt. No. 16, at 2:19-24.) Plaintiff rejected Defendants' proposal. (*Id.*, at 2:24-25.) Citing *Echelbarger v. Brookdale Living Communities of WA-PP, LLC*, No. CV-10-401-RHW, 2010 WL 5018590, at *2 (E.D. Wash. Dec. 2, 2010), Defendants argue that Plaintiff's refusal to stipulate is sufficient to establish the amount in controversy requirement.

In *Echelbarger*, the court concluded that the amount in controversy had likely been established because it found that the plaintiff's $120,000 settlement offer was reasonable in light of jury verdicts for similar claims. *Echelbarger*, 2010 WL 5018590, at *1. The court further asserted, without discussion, that the plaintiff's refusal to stipulate to capping her damages below $75,000 also made it "more likely than not" that the jurisdictional minimum was satisfied. *Id.*, at *2; *see also Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (holding that the plaintiff's refusal to stipulate to an award below the jurisdictional amount "weighs against any 'good faith' contention she may have that her damages are less than $75,000").

In response, Plaintiff cites *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998). In *Conrad*, the district court found that the plaintiff's refusal to stipulate did not conclusively establish the jurisdictional minimum. The court based its conclusion on the absence of authority to the contrary, citation to cases dismissing such assertions for the same reason, and citation to authority recognizing that "defects in subject matter jurisdiction cannot be stipulated to or waived." *Conrad*, 994 F. Supp. at 1199 (citing *Valle v. State Farm Mutual Automobile Ins.*, 1997 WL 564047 (N.D. Cal. 1997), *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242 (N.D. Cal. 1997), and *Angus v. Shiley*, Inc., 989 F.2d 142 (3rd Cir. 1993)).

Based on the above authorities, the Court finds the reasoning in *Conrad* more persuasive than that in *Echelbarger*. "A plaintiff's refusal to stipulate that the amount in controversy is below the necessary threshold is not sufficient to establish the requirement." *Pereira v. Gate Gourmet, Inc.*, No. 08-07469 MMM(PJWX), 2009 WL 1212802, at *2, n.25 (C.D. Cal. Apr. 30, 2009) (citing *Conrad*, 994 F. Supp. at 1199). This is consistent with the rule that "parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction." *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1095 (9th Cir. 1985); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (class action plaintiff's precertification stipulation that the plaintiff and the class would not seek damages over $5 million could not establish the amount in controversy). Accordingly, the Court declines to find that Plaintiff's refusal to stipulate is sufficient to establish the jurisdictional amount in controversy.

### B.  Lost Wages

The parties dispute the relevant time period in evaluating Plaintiff's lost wages claim for purposes of jurisdiction. Defendants assert that lost wages should be based on the length of time from termination through at least trial, while Plaintiff maintains that lost wages should be limited to lost wages through the date of removal. (Dkt. No. 1, ¶ 25; Dkt. No. 15, at 5:9-6:27.)

Plaintiff is correct. The weight of authority requires the Court to ascertain jurisdiction at the time of removal. *Fortescue v. Ecolab Inc.*, 2014 WL 296755, at *2 (C.D. Cal. Jan. 28, 2014) ("in determining the amount in controversy, the court declines to project lost wages forward to some hypothetical trial date."); *Soto v. Kroger Co.*, 2013 WL 3071267, *3 (C.D. Cal. 2013) ("the guiding principle is to measure amount in controversy at the time of removal"); *Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, *4 (E.D. Cal. 2009) ("The amount in controversy must be determined at the time of removal."); *see Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, (1938)) ("jurisdiction depends on the state of affairs when the case begins; what happens later is irrelevant."); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (limiting amount of lost wages considered in amount in controversy to those accrued at time of removal).

In support of their Notice of Removal, Defendants submitted the declaration of Human Resources Director Lulu Medina, in which she declared that on the date of Plaintiff's termination, Plaintiff was receiving an annual salary of $60,000 in addition to commissions and other benefits. (Dkt. No. 6, at ¶¶ 3-4.) Plaintiff was terminated on March 17, 2014, and Defendants filed their Notice of Removal on November 26, 2014 – a period of just over nine months. (Dkt. No. 1; *id.*, at ¶ 5.) Therefore, based on Plaintiff's $60,000 annual salary, her lost wages at the time of removal were at least $45,000 ($5,000 per month x 9 months).

Additionally, while the Court declines to quantify the exact value of Plaintiff's "commissions and other benefits," they are more likely than not to be more than nominal. *See Melendez v. HMS Host Family Restaurants, Inc.,* No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *3 (C.D. Cal. Aug. 25, 2011) (the Court may also include other benefits in the lost wages analysis). In other words, they are worth at least $1. Accordingly, the total amount of Plaintiff's lost wages claim, for purposes of jurisdiction, is at least $45,001.

### C. Attorneys' Fees

"[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy," irrespective of whether the plaintiff will in fact recover them. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Here, Plaintiff seeks attorneys' fees pursuant to California Government Code section 12940. Defendants contend that Plaintiff's attorneys' fees alone, through the time of trial, are likely to exceed $75,000. (Dkt. No. 1, at 10:13-25.) Plaintiff, on the other hand, contends that the only attorneys' fees that may be considered as part of the amount in controversy are those incurred as of the date of removal. (Dkt. No. 15, at 8:20-22.)

There is a split of authority—including in California courts—regarding whether a district court may consider attorneys' fees in determining the amount in controversy. *Compare Faulkner v. Astro–Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999) (declining to consider post-removal attorneys' fees), *and Conrad*, at 1200 (same), *with Brady v. Mercedes–Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010–11 (N.D. Cal. 2002) (considering post-removal attorneys' fees), *and Simmons*, 209 F. Supp. 2d at 1034–35 (same). The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total "amount at stake." *Theis*, 400 F.3d 659, 662 (9th Cir. 2005); *see Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (considering post-removal attorneys' fees); *Melendez*, at *4 (same).

Any "reasonable" calculation of attorney's fees must comport with the preponderance of the evidence standard. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). Such calculations should be conservative estimates. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). "The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Garcia*, at *5 (citing *Kroske*, 432 F.3d at 980); *see also Brady*, 243 F. Supp. 2d at 1011 ("The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience.").

"Employment claims have been found to 'require substantial effort from counsel.'" *Garcia*, at *5 (quoting *Simmons*, 209 F. Supp. 2d at 1035 (finding that the jurisdictional

6

minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages")). This Court and others have held that a reasonable rate for employment cases is $300 per hour. *See id.*, at *5; *Melendez*, at *4; *Brady*, 243 F.Supp.2d at 1011. Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. *See Garcia*, at *5; *Melendez*, at *4. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour).

### D.    Emotional Distress and Punitive Damages

Plaintiff's complaint seeks unspecified damages for emotional distress. (Dkt. No. 1, Ex. A., Compl. ¶¶ 29-30, 38-39, 47-48, 56-57, 63, 69-70.) Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes. *See, e.g., Kroske*, 432 F.3d at 980; *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *see also Simmons*, 209 F. Supp. 2d at 1034 ("In fact, emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint."). "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain*, 890 F. Supp. 2d at 1250 (C.D. Cal. 2012) (citing *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, at *1 (N.D. Cal. July 11, 2008)). In their Opposition, Defendants provided evidence of four jury verdicts awarding emotional distress damages in other employment discrimination and failure to accommodate cases, where emotional distress damages ranged from $125,000 to $500,000. (Dkt. No. 16, at 8:15-9:18.)

Plaintiff also seeks an unspecified amount in punitive damages. "It is well established that punitive damages are part of the amount in controversy" for purposes of establishing diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). In order to establish probable punitive damages, a party asserting federal diversity jurisdiction may also introduce evidence of jury verdicts in cases involving analogous facts." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000). Defendants have introduced evidence of jury verdicts from several other cases. (Dkt. No. 16, at 10:4-11:6.)

Without deciding whether this case is sufficiently analogous to those cited by Defendants, or quantifying the exact value of Plaintiff's claims for emotional distress or punitive damages, the Court recognizes that emotional distress and punitive damages are more likely than not to be more than nominal. *See Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). In other words, they are likely worth at least $1 each.

### E. Aggregation of Claims

The amount in controversy, for purposes of jurisdiction, is the total "amount at stake in the underlying litigation." *Theis*, 400 F.3d at 662. As stated above, the Court finds that there is at least $45,001 in lost wages, $30,000 in attorneys' fees, $1 in emotional distress, and $1 in punitive damages at stake. Accordingly, the Court is persuaded that Defendants have established by a preponderance of the evidence that, when viewed in combination, Plaintiff's claims exceed $75,000, exclusive of interest and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000 exclusive of interest and costs. As the parties do not dispute diversity of citizenship, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Accordingly, the Court **DENIES** Plaintiff's Motion to Remand. (Dkt. No. 15.)

**IT IS SO ORDERED.**